## Domanyi Estate

*A. M. Matthews,* for appellant.
*Sandra W. Upor,* for appellee.
*Frank S. Lucente,* for Register of Wills.

COFFROTH, *P.J.,* December 17, 1979—The issue here is whether a testamentary designation of "my wife . . . as executrix" is nullified by a later divorce from the bonds of matrimony existing between decedent and the designee, under the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §2507(2), which provides as follows:

"Wills shall be modified upon the occurrence of any of the following circumstances, among others: (1) . . . (2) Divorce. If the testator is divorced from the bonds of matrimony after making a will, all provisions in the will in favor of or relating to his spouse so divorced shall thereby become ineffective for all purposes."

Petitions were presented to the register of wills at the same time by the divorced wife for letters testamentary and by Somerset Trust Company, a creditor of decedent, for letters of administration with the will annexed (c.t.a.). The register construed section 2507(2), supra, as disqualifying the named executrix, denied her petition, and granted letters to Somerset Trust Company as requested. The named executrix then filed this appeal to the court.[1]

We think the register acted properly, as mandated by section 2507, supra. Although no decisions

1. Under the Probate, Estates and Fiduciaries Code §908, any "party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court. . . . Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it." Query: Is this appellant who as designated executrix has no other interest in the estate, a "party in interest" entitled to appeal? No such question has been raised. See Maseloff Estate, 2 D. & C. 2d 120, 123, 5 Fiduc. Rep. 127 (1955).

Under the Probate, Estates and Fiduciaries Code §3181, the register is authorized to revoke letters issued. In Craig Estate, 30 Somerset 377, 390-391 (1975), we held that the register's authority to entertain revocation proceedings in the first instance is exclusive and that such proceedings cannot be filed initially with the court, unless the register certifies the record to the court under the Probate, Estates and Fiduciaries Code §907. Although no such certification appears of record, the appeal has not been challenged on this ground.

construing that section have been cited or found, the legislature has expressed its intent to exclude a divorced spouse from serving as executrix under a pre-divorce will by the use of section 2507's extremely broad language nullifying "all provisions in the will in favor of or relating to" the divorced spouse, "for all purposes." Appellant's designation in the will as executrix is plainly a provision in the will *relating* to her, and is also a provision in her *favor* because of the managerial and pecuniary perquisites which would accrue to her if she were appointed. Thus section 2507 must be read as imposing a qualification upon the Probate, Estates and Fiduciaries Code §3155(a), which otherwise mandates issuance of letters to the designated executor. The mere fact that appellant is not otherwise a beneficiary under the will is not material in this situation. Were it not for section 2507, we would have another kettle of fish to cope with, but the present statute clearly forecloses the issue.

We are reinforced in this decision by our own prior decision in Craig Estate, 1 D. & C. 3d 537, 32 Somerset 255, 27 Fiduc. Rep. 102 (1976), in which we sustained the register in refusing letters testamentary to decedent's surviving spouse who had been adjudicated decedent's "slayer" under the Probate, Estates and Fiduciaries Code §8802, which provides in relevant part that: "No slayer shall in any way acquire any property or receive any benefit as the result of the death of the decedent."

The decision equates the appointment as fiduciary as a "benefit" to the appointee; that being so, a testamentary designation as executor under the much broader language of section 2507 is surely a provision "in favor of or relating to" the designee: Larry Estate, 10 D. & C. 3d 44, 29 Fiduc. Rep. 298

(1979), cited and relied on by appellant, is inapposite because it does not involve a divorced spouse or analogous situation.

### ORDER

Now, December 17, 1979, the appeal is dismissed and the decree of the register issuing letters of administration with the will annexed to Somerset Trust Company is affirmed. Costs on the estate.